USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/28/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMSUNG FIRE & MARINE INSURANCE COMPANY, LTD.,<br><br>                          Plaintiff,<br><br>-against-<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>                          Defendant. | 1:20-cv-4809-MKV<br><br>OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Samsung Fire & Marine Insurance Company brings this action for a declaratory judgment against Defendant Liberty Mutual Fire Insurance Company. (*See* Compl. [ECF No. 1-1]). The parties have cross moved for summary judgment. [ECF No. 34]; [ECF No. 39]. For the reasons discussed below, Liberty Mutual's motion is granted and Samsung's motion is denied.

## BACKGROUND

### I. The Underlying Action

In August 2016, Joseph C. Darretta ("Darretta") commenced an action entitled *Joseph C. Darretta v. Ralph & Flatlands Associates, LLC, Telco of Ralph Avenue, Inc., T&E Stores, Inc.*, Index No. 513977/2016, in the Supreme Court of the State of New York, County of Kings (the "Underlying Action"), against Ralph & Flatlands, Telco, and T&E Stores. (Joint Local Rule 56.1 Statement of Undisputed Facts ("JSUF") [ECF No. 27-1] ¶¶ 19–20). Darretta subsequently filed an Amended Complaint adding Ralph Operating and Flatlands Shopping Center as

defendants to the Underlying Action.[1]  (JSUF ¶ 23).  Darretta alleged that he was a delivery person for United Parcel Service, Inc. ("UPS") and, on July 29, 2015, made a delivery to Telco. (JSUF ¶¶ 39, 43).  Darretta pulled into the docking area at the rear of a building located at 1910 Ralph Avenue, Brooklyn, NY 11234 a/k/a 1890-1960 Ralph Avenue, Brooklyn, NY 11234 (the "Premises") to make the delivery.  (JSUF ¶¶ 24–27, 29, 35, 39, 43, 56).  Darretta alleged that he was walking along the outside of the passenger side of his truck, toward the rear, when he stepped on debris located on the floor of the loading dock area, a broom stick handle, and suffered a bodily injury.  (JSUF ¶¶ 41, 50, 57–60, 62, 64, 66, 88, 91–92).  He was not carrying anything at the time of the accident and had not yet opened the truck to remove packages.  (JSUF ¶¶ 62, 64, 93).

In the Underlying Action, Darretta alleged that the Underlying Defendants were negligent "in the ownership, maintenance, operation management and control of" the Premises.  (JSUF ¶ 29).  There was no claim in the Underlying Action that any injury was related to the negligent use or maintenance of the UPS truck.  (JSUF ¶¶ 63, 64, 90).  Darretta did not assert a cause of action seeking to hold the Underlying Defendants liable for the conduct of UPS or himself. (JSUF ¶¶ 28, 31–32, 38).  Neither the Complaint nor the Amended Complaint in the Underlying Action mentions any auto, vehicle, or truck.  (JSUF ¶¶ 21, 30).  Moreover, neither the Complaint nor the Amended Complaint mention UPS.  (JSUF ¶¶ 22, 31).  Neither the Complaint, Amended Complaint, nor the Verified Bill of Particulars in the Underlying Action mention the loading or

---

[1] Ralph & Flatlands, Telco, T&E Stores, Ralph Operating, and Flatlands Shopping Center are hereinafter referred to as the "Underlying Defendants."

2

unloading of any vehicle.  (JSUF ¶ 47).  It is undisputed that the Underlying Action alleges a premises liability claim.  (JSUF ¶ 48).

By Order dated October 2, 2019, the Court in the Underlying Action granted the motion of Ralph & Flatlands and Flatlands Shopping Center for Summary Judgment and granted Darretta's cross-motion for Summary Judgment against Telco, T&E Stores, and Ralph Operating on the issue of liability.  (JSUF ¶¶ 46, 49).

## II.     The Samsung Policy

Samsung issued a Commercial Package Policy to T&E Stores as a named Insured for the policy period from October 1, 2014 to October 1, 2015 (the "Samsung Policy").  (JSUF ¶ 8). The Samsung Policy included a Commercial Auto – Business Auto Coverage Part and a General Liability Coverage Part.  (JSUF ¶¶ 9, 16).  The General Liability Coverage Part contained an exclusion for "'Bodily Injury' . . . arising out of the ownership, maintenance, use or entrustment to others of any . . . 'auto' . . . owned or operated by or rented or loaned to any insured.  Use includes operation and 'loading or unloading.'"  (JSUF ¶ 18).

Samsung handled and paid for the defense and settlement for the Underlying Action under the General Liability Coverage Part of the Samsung Policy.  (JSUF ¶¶ 54–55).

## III.    The Liberty Mutual Policy

Liberty Mutual issued a Business Auto Policy with a policy period from January 1, 2015 to January 1, 2016 to UPS as the named Insured (the "Liberty Mutual Policy").  (JSUF ¶ 1).  The insuring agreement of the Liberty Mutual Policy provides, in relevant part:

> **SECTION II – Liability Coverage**
>
> A.     Coverage
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this

>> insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> . . .
>
> We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply.  We may investigate and settle any claim or "suit" as we consider appropriate.  Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

(JSUF ¶ 4).  The Liberty Mutual Policy further provides:

> 1. Who Is An Insured
>
> The following are "insureds":
>
> a. You for any covered "auto."
>
> b. Anyone else while using with your permission a covered "auto" you own, hire or borrow
>
> . . .
>
> c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

(JSUF ¶ 5 (inapplicable "exceptions" omitted)).  The Liberty Mutual Policy defines the terms "you" and "your" as "refer[ing] to the Named Insured shown in the Declarations."  (JSUF ¶ 7).

### IV. Tenders And Responses

On October 3, 2019, Samsung first sent a letter tendering the defense and indemnity of the Underlying Defendants in connection with the Underlying Action to Liberty Mutual.  (JSUF ¶¶ 73–74).  Samsung did not advise Liberty Mutual that liability had already been determined *against* Telco, T&E Stores, and Ralph Operating by the Court in the Underlying Action and Liberty Mutual was unaware of that fact.  (JSUF ¶¶ 75–76, 94–95).  Liberty Mutual received this

tender on October 7, 2019, (JSUF ¶ 87), and on November 1, 2019, Liberty Mutual disclaimed coverage and denied any duty to defend or indemnify the Underlying Defendants in the Underlying Action. (JSUF ¶ 82).

    **V.**    **Procedural History**

On May 27, 2020, Samsung commenced this declaratory judgment action in the Supreme Court of New York, New York County (Index No. 652009/2020), seeking (1) a declaration that Liberty Mutual has a duty to defend and indemnify the Underlying Defendants as insureds under the Liberty Mutual Policy on a primary and non-contributory basis; and (2) reimbursement of the attorneys' fees and costs incurred by Samsung in defending the Underlying Defendants in the Underlying Action. (Compl.). Liberty Mutual timely removed this action to this Court. (Notice of Removal [ECF No. 1]).

The parties have completed discovery [ECF No. 33] and now cross move for summary judgment. [ECF No. 34]; [ECF No. 39]. The parties submitted a joint local rule 56.1 statement of undisputed facts. (*See* JSUF). In support of its motion, Liberty Mutual filed the Declaration of Michael Kirby, a Senior Tech Claims Specialist, with several exhibits, (Kirby Decl. [ECF No. 35]), the Declaration of Marshall T. Potashner, counsel for Liberty Mutual, with several exhibits, (Potashner Decl. [ECF No. 37]), and a memorandum of law, (Def. Br. [ECF No. 36]). In support of its motion, Samsung filed the Declaration of John D. McKenna, counsel for Samsung, with several exhibits, (McKenna Decl. [ECF No. 40]), and a memorandum of law, (Pl. Br. [ECF No. 41]). In opposition to Liberty Mutual's Motion, Samsung filed a supplemental Declaration of John D. McKenna, (Supp. McKenna Decl. [ECF No. 44]), and a memorandum of law, (Pl. Opp'n [ECF No. 43]). In opposition to Samsung's Motion, Liberty Mutual filed a memorandum of law, (Def. Opp'n [ECF No. 45]). Neither side filed reply briefs.

## **LEGAL STANDARD**

A party is entitled to summary judgment when there is no "genuine dispute as to any material fact" and the undisputed facts warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the motion for summary judgment is properly made, the burden shifts to the non-moving party, which "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250. The Court must view the record "in the light most favorable to the opposing party," *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (citation omitted), and must "resolve all ambiguities and draw all reasonable inferences against the movant," *Caronia v. Phillip Morris USA, Inc.*, 715 F.3d 417, 427 (2d Cir. 2013) (citation omitted).

However, a party "may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted). Rather, to survive a summary judgment motion, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). The non-moving party must demonstrate more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party "cannot defeat the motion by relying on the allegations in [its] pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. Cnty. of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (citation omitted). "Mere conjecture or surmise by the nonmovant in support of his or her case is inadequate." *UMB Bank, N.A. v. Bluestone Coke, LLC*, No. 20-CV-2043 (LJL), 2020 WL 6712307, at *3

(S.D.N.Y. Nov. 16, 2020) (quoting *Am. Home Assurance Co. v. Jamaica*, 418 F. Supp. 2d 537, 546 (S.D.N.Y. 2006)).

## DISCUSSION

To establish that Liberty Mutual is liable under the terms of the Liberty Mutual Policy, Samsung must establish on the undisputed record that the Underlying Defendants qualify as insureds under the Liberty Mutual Policy and that the underlying claim "result[ed] from the ownership, maintenance or use of a covered 'auto.'" (*See* JSUF ¶ 4). Samsung is unable to establish either. Moreover, Samsung's claim for contribution is precluded because the Samsung Policy and the Liberty Mutual Policy insure different risks.

### I. The Underlying Defendants Are Not Insureds Under The Liberty Mutual Policy

Samsung argues that the Underlying Defendants qualify as insureds under paragraph 1.c of the "Who Is An Insured" provision of the Liberty Mutual Policy. (Pl. Br. 13). That section provides that an insured includes "[a]nyone liable for the conduct of an 'insured' described [in paragraph 1.a. or 1.b.] but only to the extent of that liability." (JSUF ¶ 5). However, as Samsung concedes (*see* Pl. Br. 13; Pl. Opp'n 13), this language limits insured status to where the putative insured is being sued *vicariously* for the conduct of a named insured or permissive user. *See Certain Underwriters at Lloyds of London v. Illinois Nat'l Ins. Co.*, No. 09-CV-4418 (LAP), 2017 WL 4326056, at *6 (S.D.N.Y. Aug. 31, 2017) (underlying defendants not covered under similar provision where "the underlying complaints d[id] not assert claims for vicarious liability against" them); *Paul M. Maint., Inc. v. Transcon. Ins. Co.*, 300 A.D.2d 209, 211, 755 N.Y.S.2d 3, 5 (1st Dep't 2002) (holding, under the same provision, that a general contractor was an insured based on a judicial determination that under the Labor Law the general contractor was vicariously liable for the subcontractor's conduct which caused the plaintiff employee's injuries);

7

*Zurich American Ins. Co. v. Port Authority of New York and New Jersey*, No. 657165/2017, 2019 WL 5456444, at *12 (N.Y. Sup. Ct. Oct. 24, 2019) (holding that the Court cannot "cannot make any determination at this time under the policy concerning the [] Defendants' liability 'for the conduct of the insured'" where there has been no "finding in the underlying actions with respect to the insured's liability or the Port Defendants' vicarious liability").

It is undisputed that there was no claim for vicarious liability in the Underlying Action. (JSUF ¶ 32). The conduct at issue in the Underlying Action was the negligent maintenance of the loading dock area by the Underlying Defendants. (JSUF ¶¶ 28–29, 32, 34, 35, 36, 46, 48–50, 56–57, 60–62, 65, 88).

Samsung seems to argue that the Underlying Defendants were vicariously liable for the conduct of UPS because Darretta's injury arose out of the use of a UPS truck. (*See* Pl. Br. 13; Pl. Opp'n 13). However, as discussed below, Darretta's injury did not arise out of the use of a UPS truck. *See* Part II *infra*. Moreover, Darretta never sued UPS and it is undisputed that there was no claim for vicarious liability in the Underlying Action. (JSUF ¶ 32). Samsung argues that Darretta could not sue UPS under New York Worker's Compensation Law. (Pl. Opp'n 16). That is a red herring. The record is clear that Darretta's underlying claim was premised on premises liability, not on any conduct of UPS. (JSUF ¶ 48).

It also appears that Samsung may be arguing that the Underlying Defendants qualified as insureds as permissive users of the UPS truck because they were unloading the UPS truck. (*See* Pl. Opp'n 12 ("[The Underlying Defendants] qualify as insureds with respect to Darretta's claims because they were receiving a delivery of packages from the UPS truck at the time of the alleged accident.")). However, Samsung already conceded in its pre-motion letter that "it was not alleged in the Underlying Action — and Samsung does not allege here — that the Underlying Defendants were unloading the truck — rather, they were liable for conduct of an insured

(Darretta) while he was in the process of unloading the vehicle." [ECF No. 30, at 2]. Moreover, the Liberty Mutual Policy specifically states that "Who is An Insured does not include anyone loading or unloading a covered 'auto' except you, your 'employees', a lessee or borrower or any of their 'employees.'" (JSUF ¶ 6). As such, the Underlying Defendants, none of whom were employees, lessees, borrowers or employees of lessees or borrowers of UPS, would not qualify as insureds under the Liberty Mutual Policy, even if they had been unloading the UPS truck.

The undisputed record clearly establishes that the Underlying Defendants do not qualify as insureds under the Liberty Mutual Policy. Therefore, Liberty Mutual is entitled to summary judgment declaring that it is not obligated to defend or indemnify the Underlying Defendants and does not owe reimbursement of attorney's fees to Samsung.

## II. The Claim Does Not Arise Under An Auto Policy

The insuring agreement of the Liberty Mutual Policy extends potential coverage only to claims for bodily injury "caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" (JSUF ¶ 4). Samsung contends, both in support of its Motion for Summary Judgment and in opposition to Liberty Mutual's Motion, that the claim in the Underlying Action is covered under this policy because Darretta was injured while he was unloading packages from his UPS truck. (Pl. Br. 10; Pl. Opp'n 9–10).

Liability under an auto policy can be triggered where the relevant accident occurs during the loading or unloading of property from a covered vehicle. *See Eagle Ins. Co. v. Butts*, 269 A.D.2d 558, 559, 707 N.Y.S.2d 115 (2d Dep't 2000). However, New York courts have consistently held that a plaintiff cannot establish liability by merely demonstrating that an incident occurred during the unloading period. Rather, the plaintiff must demonstrate that the accident resulted from "some act or omission related to the use of the vehicle." *Id.*; *see also Elite Ambulette Corp. v. All City Ins. Co.*, 293 A.D.2d 643, 644–645, 740 N.Y.S.2d 442 (2d Dep't

2002) (upholding the trial court ruling that the auto insurance company was not obligated to defend or indemnify because "the accident was not the result of an act or omission related to the use of the vehicle"); *ABC, Inc. v. Countrywide Ins. Co.*, 308 A.D.2d 309, 310, 764 N.Y.S.2d 244 (1st Dep't 2003) ("[T]here still must be a demonstration that the injury [during the loading or unloading of the vehicle] resulted from 'some act or omission related to the use of the vehicle.'"). "Simply sustaining an injury during the unloading process, without any showing of negligent use of the truck, does not invoke liability coverage under the vehicle insurance policy." *ABC, Inc.*, 308 A.D.2d at 310; *see also Progressive Cas. Ins. Co. v. Yodice*, 180 Misc. 2d 863, 866, 694 N.Y.S.2d 281, 283 (N.Y. Sup. Ct. 1999), aff'd, 276 A.D.2d 540, 714 N.Y.S.2d 715 (2d Dep't 2000) ("Not every accident involving an automobile concerns the use or operation of that vehicle.  The accident must be connected with the use of the automobile qua automobile.  The use of the automobile as an automobile must be the proximate cause of the injury."); *United Servs. Auto. Ass'n v. Aetna Cas. & Sur. Co.*, 75 A.D.2d 1022, 1022, 429 N.Y.S.2d 508 (4th Dep't 1980) ("Where the operation or driving function of an automobile or the condition of the vehicle itself is not the proximate cause of the injury, the occurrence does not arise out of its use or operation.").

      Here, the parties agree that the Underlying Action was for premises liability.  (JSUF ¶¶ 29, 48).  There is no dispute that there was no claim in the Underlying Action that any injury was related to the negligent use or maintenance of the UPS truck.  (JSUF ¶¶ 63, 64, 90).

      Samsung contends that "where an accident results from an act of loading or unloading of a covered auto, the claim comes within the scope of the auto liability coverage as long as there is a causal connection between the accident and the movement of goods to or from the vehicle.  (Pl. Br. 10–11; *see also* Pl. Opp'n 10).  However, this argument ignores that the cases Samsung cites to limit this principle to circumstance where the underlying accident is "the result of some act or

omission related to the use of the vehicle. *Eagle Ins.*, 269 A.D.2d at 559; *see also Wausau Underwriters Ins. Co. v. St. Barnabas Hosp.*, 145 A.D.2d 314, 315, 534 N.Y.S.2d 982, 983 (1st Dep't 1988) ("Where coverage is provided for use and operation of a vehicle, to invoke even an insurer's duty to defend, the 'use of the motor vehicle must be the proximate cause of the injury.'" (quoting *Lumbermen's Mut. Cas. Co. v. Logan*, 88 A.D.2d 971, 971, 451 N.Y.S.2d 804, 805 (2d Dep't 1982)).

As such, the undisputed record clearly establishes that the claim here is not covered under the Liberty Mutual Policy and that Liberty Mutual is entitled to summary judgment.

### III. Samsung Does Not Have A Valid Claim For Contribution

An insurer who pays a claim does not have a right for recovery against another insurer if the two insurers do not insure the same insured against the same risk. *See Nat'l Cas. Co. v. Am. Safety Cas. Ins. Co.*, No. 10 CIV 2820 JSR, 2010 WL 4968077, at *2 (S.D.N.Y. Dec. 3, 2010) ("An action for contribution is available only upon a showing that two or more insurers cover the same insured for the same risk."); *Pennsylvania Mfrs. Ass'n Ins. Co. v. Liberty Mut. Ins. Co.*, 39 A.D.3d 1161, 1162, 837 N.Y.S.2d 445 (4th Dep't 2007) (dismissing complaint where the policies of the plaintiff and defendant "did not insure the same risk."). Two policies do not insure the "same risk" where the policies are not "triggered by the same underlying lawsuit." *Nat'l Cas. Co. v. Vigilant Ins. Co.*, 466 F. Supp. 2d 533, 541 (S.D.N.Y. 2006).

The insurance policies here also do not insure the same risk. The Liberty Mutual Policy is a commercial auto policy. (JSUF ¶ 1). It is true that the Samsung Policy includes both a Commercial Auto and a General Liability Coverage Part. But the Underlying claim was handled under the General Liability Coverage Part of the Samsung Policy, which excluded coverage for auto-related losses. (JSUF ¶¶ 16, 18, 54, 55).

Samsung argues that the underlying lawsuit was for an injury arising out of the ownership, maintenance or use of an auto and that therefore, the Liberty Mutual Policy is the primary policy to afford coverage to the Underlying Defendants. (Pl. Opp'n 17–20). However, as set forth above, that is simply not the case. *See* Part I, II *supra*. Moreover, it is undisputed that the claim in the Underlying Action was handled under the General Liability Coverage Part of the Samsung Policy, which excluded coverage for auto-related losses. (JSUF ¶¶ 16, 18, 54, 55). Samsung did not cover the claim under its Commercial Auto – Business Auto Coverage Part. (*See* JSUF ¶¶ 9, 16). As such, the undisputed record establishes that the policies at issue did not insure the same risks. Liberty Mutual is entitled to summary judgment on this independent ground.

## CONCLUSION

The undisputed record establishes that Defendant Liberty Mutual is not liable for the conduct of the Underlying Defendants in the Underlying Action. As such, Liberty Mutual's Motion for Summary Judgment is GRANTED and Samsung's Motion for Summary Judgment is DENIED. Samsung's request for oral argument is DENIED.

The Clerk of Court is respectfully requested to close docket entries 34 and 39 and close this case.

**SO ORDERED.**

Date: **February 28, 2022**
      **New York, NY**

*Mary Kay Vyskocil*
_____
**MARY KAY VYSKOCIL**
**United States District Judge**